COCKERHAM et al. vs DAVIS.

*As to admissions of one co-defendant against another.*

1. Where a party instituting legal proceedings, used the name of another, as plaintiff, as was alleged, without the consent or knowledge of the latter,—on a bill filed by such nominal plaintiff to enjoin an execution issued against him for the costs of such suit—it was held—

1. That the allegation of the insolvency of the party commencing the proceedings, was a material fact, and being denied in the answers of part of the defendants, should have been supported by proof.

2. That the answer of the party instituting the proceedings, could not be used against the other defendants.

On a writ of error to a decree of the Circuit Court of Jefferson, exercising Chancery jurisdiction, perpetuating an injunction of proceedings at law.

Edward Davis filed a bill for injunction, against Elisha Cockerham, John Davis, Baker Dulany, and Catharine Lawley, alleging, that an execution was in the hands of the sheriff of Tuscaloosa county, issued from the office of the clerk of the Circuit Court of Jefferson county, which recited, that the defendants, Elisha Cockerham, Baker Dulany and Catharine Lawley, claimants, had recovered judgment against John Davis and orator, for whose use, suit was brought for the sum of one hundred and thirty-nine dollars and forty-two cents. That untill informed of said execution, orator did not know of

COCKERHAM et al. *vs* DAVIS.

the existence of any suit in his favor, nor had authorised any to be prosecuted in his name: and that John Davis was entirely insolvent, &c.

The answers of Cockerham, Dulany and Lawley, showed that the execution was issued in their favor, on the determination of an issue which had been made up to try the right in certain property, levied on under an execution in the name of John Davis, for the use of Edward Davis; but these answers made no admission of the insolvency of John Davis.

The answer of John Davis admitted the general allegations of the bill, and his insolvency.

On a final hearing on bill and answers, the injunction granted, was perpetuated. On which the defendants took a writ of error.

*Ellis* for plaintiff in error,—*Peck* contra.

GOLDTHWAITE, J.—The Court in this case, decline at this time, to pronounce any decision on the main question which arises, as the Court for the trial of this cause consists of only two members, and a question having been argued which renders any decision on the merits of the case, unnecessary.

The insolvency of John Davis, who commenced the original proceedings, which caused the present bill to be exhibited, as well as the want of assent of Edward Davis to the use of his name, are material facts, which not being admitted by the answers of his co-defendants, must be supported by proof;

and there being no proof of these allegations, the objection is fatal.

The answer of one co-defendant cannot be used against another—therefore, although the fact is fully admitted in the answer of John Davis, his admission cannot prejudice the rights of his co-defendants.—*Collier vs Chapman.** 

*2 Stew. 163.

For this reason, the decree rendered below, must be reversed; and this Court *proceeding to* render such decree, as the Circuit Court should have rendered, doth order, adjudge and decree, that the bill of complainant be dismissed, and that the respondents, except John Davis, recover of the said complainant, their costs in this Court, and the Court below.

COLLIER, J. not sitting.